**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

| | |
|---|---|
| Mark Lillibridge, | Court File No.: 10-cv-4105 |
| Plaintiff, | |
| vs. | |
| Nautilus Insurance Company, | **STIPULATION FOR PROTECTIVE ORDER AND ORDER** |
| Defendant and Third-Party Plaintiff, | |
| vs. | |
| DAC's II, Inc. d/b/a Dakota Claims Service of Chamberlain, | |
| Third-Party Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the parties' agreement, IT IS HEREBY ORDERED that:

The following procedures shall govern the production, exchange, use and disclosure of any information, documents or other materials in the above-captioned action (the "Action") by and between Mark Lillibridge, Nautilus Insurance Company, and DAC's II (collectively, the "parties"; individually, a "party") that contain or relate to confidential, proprietary, commercially valuable, or competitively sensitive information that is not generally available to the public or third parties:

1

1. All financial or corporate documents disclosed by Defendant DACS, II, Inc. and/or its principals Jason Good and Clinton Herman, and/or any office of Dakota claims, that are designated and stamped "CONFIDENTIAL" shall be revealed only as provided herein. By entering this Protective Order, the Court does not intend to create any presumption with regard to actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court.

2. A party's attorney may distribute or share documents designated as CONFIDENTIAL with the following categories of persons and no other, except by further order of the Court, after the attorney has received from the person a signed agreement that he or she is bound by the terms of the Protective Order:

    a. The parties in this case;
    b. any person or witness consulted by a party's representative or attorneys who may make use of the information for the benefit of a party in this case;
    c. members of the legal support staff of a party's attorney's office;
    d. consultants and experts retained by a party's attorney to assist in the evaluation, preparation, or testimony in this case;
    e. insurers, reinsurers, auditors, accountants, etc., to whom the parties or their attorneys have a statutory or contractual obligation to transmit information or report concerning this action; however, this does not include insurers with whom the above corporation or either party is doing adjusting or claim handling work.

3. If any party files documents designated as CONFIDENTIAL with the Court, that party shall file such documents in a sealed envelope with the following language on the envelope: "The documents contained herein are confidential and have been filed under seal by the Court pursuant to a Protective Order." The party shall take the steps necessary to file the documents under seal by filing the appropriate motion with the court, if necessary. Documents filed under seal shall not be made available to third parties or the public except by further order of this Court. Any Court hearing which refers to or describes Confidential Information shall in the Court's discretion be *in camera*.

4. If any person is required to produce documents designated as Confidential pursuant to subpoena, court order, or other legal process, that person shall give prompt written notice of such event to the party who designated the document as Confidential, who shall object to its production, unless providing notice is prohibited by law. Nothing herein shall be construed as requiring the party to challenge or appeal any order requiring production of documents designated as CONFIDENTIAL or to subject itself to any

penalty for noncompliance with any legal process.

5. Nothing herein shall be deemed to limit any party's rights to discovery in connection with this action, or to restrict the prosecution, defense, or settlement of this action.

6. The provisions of this Order shall not terminate at the conclusion of this action. Within one hundred twenty (120) days after final conclusion of all aspects of this civil action, all documents designated as CONFIDENTIAL (other than exhibits of record) shall be returned to the parties, or at either parties' option, destroyed, except that counsel for the parties shall be permitted to retain a copy of such documents designated CONFIDENTIAL.

7. This Order may be modified by the Court or upon motion for good cause show.

8. The provisions of this Order shall survive the conclusion of this Action.

AGREED:

Dated: November 3, 2011

By     s/Michael Bornitz
Michael Bornitz
CUTLER & DONAHOE, LLP
100 North Phillips Avenue, 9th Floor
Sioux Falls, SD 57101-1400

*Attorneys for Plaintiff*

Dated: November 3, 2011

By     s/Justin Smith
Justin Smith
Richard O. Gregerson
WOODS, FULLER, SHULTZ
& SMITH
PO Box 5027
Sioux Falls, SD 57117-5027

*Attorneys for Defendant and Third-Party Plaintiff Nautilus Insurance Company*

Dated: November 3, 2011

By     s/Laura J. Hanson
Laura J. Hanson
MEAGHER & GEER, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 338-0661

*Attorneys for Third-Party Defendant DAC's II, d/b/a Dakota Claims Service of Chamberlain*

IT IS SO ORDERED this ___ day of _____, 2011

_____
Karen E. Schreier
Chief United States District Judge